Schoonmaker *v.* Davis.

———————•-◦-•———————

## SCHOONMAKER *vs.* DAVIS and others.

In construing a grant, natural objects control courses and distances, when they conflict.

In case of such a conflict, courts, in the absence of all evidence to the contrary, must adopt and apply the rule of construction that all grants or conveyances are supposed to be made with reference to an actual view of the premises by the parties thereto.

And they will infer that the parties by actually traversing the line in accordance with the monuments which were fixed, or by some other means equally satisfactory, acquired a knowledge of the line sought to be established by the grant.

Thus, where the parties to a deed designated one object well defined, viz: " *the Shawangunk hills,*" and located one of the lines upon the top of those hills, and " *upon the highest part of the steep rocks, as the said rocks range,*" &c.; *Held* that the court was not at liberty to conjecture that they intended to establish the boundary upon a lower elevation, upon the side of the said hills.

THE above action was commenced by the plaintiff to recover possession of a tract of land situated in the county of Ulster and which is particularly described in the complaint herein. The action was tried at the Ulster circuit, in March, 1864, before Justice PECKHAM and a jury, and a verdict was rendered in favor of the plaintiff subject to the opinion of this court at general term.

Letters patent were granted by Queen Ann, bearing date June 25th, 1703, to the trustees of the town of Rochester in the county of Ulster, granting to said trustees a tract of land

embracing the land in controversy.   The trustees of Rochester by deed dated April 2d, 1730, conveyed to Jacobus Bruyn a portion of such land, which is described in said deed as follows: "All that certain tract or parcel of land situate, lying and being within the limits and boundaries of the township of Rochester aforesaid, on the south east side of the high hills commonly called the Shawangunk hills. Beginning by the easterly corner of the township of Rochester aforesaid and of the northermost corner of the bounds of the land formerly granted to Captain John Evans, since deceased, and runs from thence north westerly along the bounds of New Paltz to the westermost corner thereof. *Thence runs south westerly along the top of the said hills on the southeast side thereof, on the highest part of the steep rocks that front next to Shawangunk aforesaid, as the said rocks range,* to a certain tract of land conveyed by the trustees of Rochester aforesaid, to the aforesaid Frederick Schoonmaker and Cornelius Hornbeck, and runs from thence south easterly along their bounds, to the bounds of Captain John Evans aforesaid.   Thence north easterly all along the bounds of Capt. John Evans to the place where it began."

Jacobus Bruyn by his will dated April 21st, 1781, devised to Johannis Bruyn, among other lands, the following: "All that parcel of the aforesaid tract or parcel of land which I hold by title from the trustees of Rochester which lyeth on the south west side of said run of water, commonly called the Kline Kills as the same runs down the Shawangunk mountain extending from the Kline Kill south westerly along the said mountain so far as the said tract goes."

It was admitted, upon the trial, that the plaintiff held all the title acquired by Johannis Bruyn under that devise.

The trustees of Rochester by deed bearing date June 1st, 1730, conveyed to Philip Dubois a certain tract of land bounding the same upon the said land previously conveyed to Jacobus Bruyn.   The defendants claim under the last mentioned deed.

*M. Schoonmaker* and *T. R. Westbrook*, for the plaintiff.

*T. B. Gates* and *J. Hardenburgh*, for the defendants.

*By the Court*, INGALLS, J. The only question to be determined is the boundary line between the two lots, and that involves the location of the westerly line of the premises conveyed to Jacobus Bruyn, which depends substantially upon the construction that is to be given to that portion of the description contained in the Bruyn deed, which is as follows : "And runs thence northwesterly along the bounds of the New Paltz *to the westermost corner thereof.* Thence runs south westerly along the top of the said hills on the south east side thereof on the highest part of the steep rocks that front next to Shawangunk aforesaid as the said rocks range, &c."

In construing a grant, natural objects control courses and distances, when they conflict. (*Jackson* v. *Frost*, 5 *Cowen*, 346. *Wendell* v. *The People*, 8 *Wend.* 183.)

The description refers to one chain of hills, "the high hills called the Shawangunk." And those front next to Shawangunk Valley. The description proceeds as follows : "Thence runs south westerly *along the top of said hills*, on the south east side thereof, *and on the highest part of the steep rocks* that front next to Shawangunk aforesaid as the rocks range, &c." The evidence shows beyond dispute that the line surveyed, and claimed to by the plaintiff as the boundary, runs along upon *the summit of the said hills, and upon the highest part of the steep rocks.* Van Buren testifies : "On the line run by me we did not leave the top of the mountain." Again : "In running the line of the plaintiff's lot, *we ran* the line on the top of the highest ledge of rocks to the head of the Kline Kill on the ridge dividing the waters which run on one side down the Kline Kill and on the other side down the Coxing Creek." He further testifies, that running from a point midway between Gertrude's nose and

Hamilton point, *to the top of the hill,* is fifty chains.   It does not appear from the evidence that there is any difficulty in ascertaining the top of the said hills ; those objects are definite and can be fixed with reasonable certainty.   Indeed the defendants' evidence does not even tend to disclose any uncertainty in regard thereto.   Nor is the expression in the description, *"that front next to Shawangunk aforesaid,"* inconsistent with the plaintiff's theory.   The mountain, as it rises from the Shawangunk Valley, presents a *front next thereto,* and the line surveyed is upon *the highest part of the steep rocks* as they range upon the summit of the mountain as it fronts the said valley.   Such seems to be a reasonable construction of the description in the deed.   It has been seen that a variation in the course of a line is not to be regarded, where it conflicts with natural objects called for by the grant, which are ascertained.   The defendants' theory is speculative and unsatisfactory.   Where the parties to the Bruyn deed were, when the description was prepared, or the deed executed, does not appear from the evidence.   Nor does it appear that they had not traversed the line, or from some other source become familiar with it.   The location of the boundary of a tract of land must be regarded as something real and not imaginary ; and hence we must infer that the parties by actually traversing the line, in accordance with the monuments which were fixed, or by some other means equally satisfactory, acquired a knowledge of the line sought to be established by the grant.   When the parties designated *one object* well defined, viz. *"the Shawangunk hills,"* and located the line *upon the top of those hills, and upon the highest part of the rocks as they range,* we are not at liberty to conjecture that they intended to establish the boundary upon a lower elevation upon the side of the said hills.

In the case of *Wendell* v. *The People,* (8 *Wend.* 183,) the court remarks: " All grants or conveyances are supposed to be made with reference to an *actual view of the premises by the parties thereto.*"   Certainly in the absence of all evidence

to the contrary, we must adopt and in this case apply this rule of construction which is so well established, and so reasonable in itself.

Again, the defendants, to establish the line contended for by them, are compelled to abandon the range of rocks, at Gertrude's nose, and cross a valley or open space of at least a mile in extent before the rocks are again reached which they claim constitute the range of rocks called for by the grant. After a careful examination of the case I am led to the conclusion that the line claimed by the plaintiff is the true boundary of the said lot. And that the plaintiff should have judgment accordingly, with costs.

[ALBANY GENERAL TERM, September 19, 1865. *Hogeboom, Miller* and *Ingalls,* Justices.]